**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANDREW RED STAR,

        Petitioner - Appellant,

v.

E. J. GALLEGOS,

        Respondent - Appellee.

No. 05-3084

(D. Kansas)

(D.C. No. 05-CV-3029-RDR)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Applicant Andrew Red Star, proceeding *pro se* and *in forma pauperis*, appeals the district court's denial of his application for habeas corpus under 28 U.S.C. § 2241. As a federal prisoner proceeding under § 2241, Applicant does not need a certificate of appealability. *See McIntosh v. United States Parole Comm'n.*, 115 F.3d 809, 810 n.1 (10th Cir. 1997). Because the issues he raises on appeal are different from those he brought before the district court, we affirm.

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Applicant pleaded guilty to assault in an administrative disciplinary proceeding and was sanctioned to a loss of telephone and commissary privileges for 45 days, 15 days segregation, and forfeiture of 14 days of good-time credit. Before the district court, Applicant sought expungement of this disciplinary report based on a procedural error—namely, failure to conduct a hearing before the Unit Discipline Committee within three days. Finding that the error resulted in only a brief delay and that the administrative-appeals process and subsequent rehearing adequately protected Applicant's rights, the district court denied habeas relief.

On appeal Applicant argues that the district court erred in not ordering Respondent to file an answer to his procedural claim. He also contends that he was not allowed to call witnesses or present evidence in the disciplinary proceeding. Nothing in the record indicates that Applicant raised these issues before the district court. Generally, "a federal appellate court does not consider an issue not passed upon below." *In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992) (internal quotation marks omitted). Applicant "does not argue on appeal that any special circumstance requires us to address [his] contention[s] despite lack of preservation below." *United States v. Windrix*, 405 F.3d 1146, 1156 (10th Cir. 2005). Therefore, we do not consider these claims.

We AFFIRM the judgment of the district court.

> ENTERED FOR THE COURT
>
> Harris L Hartz
> Circuit Judge

-2-